IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
                                  )
IN RE:                            )    Chapter 11
                                  )
AMERICAN COMMUNITY                )    Case No. 09-11446 (KJC)
NEWSPAPERS LLC, et al.            )
                                  )    (Jointly Administered)
          Debtors.               )
                                  )
                                  )    Chapter 11
IN RE:                            )    Case No. 09-11854 (KJC)
                                  )
AMERICAN COMMUNITY                )    Courtroom 1
NEWSPAPERS INC.                   )    824 Market Street
                                  )    Wilmington, Delaware
          Debtors.               )
                                  )    June 2, 2009
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                     Lowenstein Sandler PC
                                 BY:  ERIC H. HORN, ESQ.
                                 BY:  JOHN K. SHERWOOD, ESQ.
                                 BY:  KENNETH A. ROSEN, ESQ.
                                 65 Livingston Avenue
                                 Roseland, NJ 07068
                                 (973) 597-2578


                                 Landis Rath & Cobb LLP
                                 BY:  BILL CHIPMAN, ESQ.
                                 919 Market Street, Suite 1800
                                 Wilmington, DE 19899
                                 (302) 467-4437


ECRO:                            AL LUGANO

Transcription Service:           DIAZ DATA SERVICES
                                 331 Schuylkill Street
                                 Harrisburg, Pennsylvania 17110
                                 (717) 233-6664


Proceedings recorded by electronic sound recording; transcript
produced by transcription service

APPEARANCES:
(Continued)

United States Trustee:          Office of the U.S. Trustee
                                BY:  MARK S. KENNEY, ESQ.
                                J. Caleb Boggs Federal Building
                                844 King Street, Room 2207
                                Lockbox 35
                                Wilmington, DE 19801
                                (302) 573-6492


For the Official Committee      Blank Rome LLP
of Unsecured Creditors:         BY:  DAVID W. CARICKHOFF, ESQ.
                                1201 Market Street, Suite 800
                                Wilmington, DE 19801
                                (302) 425-6434

TELEPHONIC APPEARANCES:

For Purchaser:                  King & Spalding
                                BY:  SARAH R. BORDERS, ESQ.
                                1180 Peachtree Street NE
                                Atlanta, GA 30309
                                (404) 572-3596

WILMINGTON, DELAWARE, TUESDAY, JUNE 2, 2009, 11:02 A.M.

THE CLERK:  All rise.

THE COURT:  Good morning.

MR. HORN:  Good morning, Your Honor.  My name is Eric Horn from the law firm of Lowenstein Sandler appearing on behalf of the Debtors.  With me in court today are my colleagues, Kenneth Rosen and John Sherwood.  Also in court with me today, Your Honor, is our co--counsel, William Chipman of the firm of Landis Rath & Cobb.

Eugene Carr, the Debtors' Chief Executive Officer is in the back row, as well as Chris Wu, a managing director at Carl Marks, who is the financial advisor to the Debtors is also sitting next to Mr. Eugene Carr.

As Your Honor may recall, the Debtors filed their cases on April 28th, and a hearing on the first--day motions was held before this Court on April 30th.  During the course of the hearing, Your Honor approved various relief.  The main reason for the filing, Your Honor, was to approve or to consummate a sale of the Debtors' assets pursuant to the Bankruptcy Code Section 363 process which is what we're here today for.  On May 6th, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors.  The committee, as Your Honor is aware, has chosen Blank Rome and Mr. David Carickhoff is here representing the committee in that capacity.

1          On the first day of this case, the Debtors filed

2     among other things two motions, one to establish procedures

3     to dispose of the assets or to sell the assets of the

4     Debtors, and the other for authority to sell those assets.

5     At this point, Your Honor, I would like to go into the

6     matter scheduled for today's hearing with just that general

7     background which I gave as a backdrop and just discuss the

8     matters that are scheduled for today.

9          THE COURT:  Go ahead.

10         MR. HORN:  Your Honor, we would like to take the

11     matters out of order on the agenda if acceptable to the

12     Court.

13         THE COURT:  That's fine.

14         MR. HORN:  The first matter on the agenda is

15     Matter Number 3 which is the Debtors' motion for authority

16     to sell substantially all of the assets of the Debtors.  On

17     the agenda that you have in front of -- that the Court has,

18     it is listed as contested but we are happy to report that

19     all objections have -- they have been worked out.

20         Your Honor, pursuant to the terms of the purchase

21     agreement, the proposed purchaser, which is a group of the

22     prepetition lenders, is proposing the purchase of

23     substantially all of the Debtors' assets.  And when we

24     mention the Debtor, it's the operating company and their

25     subsidiaries, those assets.

1       The consideration to be received for those assets

2  is as follows:  $32 million evidenced by a credit bid, plus

3  the assumption at closing by the purchaser of certain

4  assumed liabilities as such term is defined in the APA, an

5  amount equal to determined cure costs payable by the

6  purchaser, plus cash in an amount sufficient to satisfy the

7  outstanding balance owing under the DIP loan facility.

8       Also, Your Honor, and this is with respect to a

9  consensus in the court reached between the parties,

10  including the committee, the banks and the Debtors, a

11  portion of the prepetition payables will be satisfied, as

12  well.

13       As Your Honor may recall, on May 14th this Court

14  held a hearing to consider, among other things, procedures

15  for the sale of the Debtors' assets.  Pursuant to the order

16  entered by the Court on that date, the following procedures

17  were implemented:  The Debtors were required -- well, first

18  the Debtors were required to provide notice of the sale to

19  partisan interests by no later than May 18th.  They will

20  also require the Debtors to serve proposed cure amounts on

21  counterparties of contracts potentially to be assumed by no

22  later than May 18th, as well.

23       Bids on the assets, Your Honor, were due on

24  May 26th at noon.  An auction if necessary was to take place

25  on May 28th at 10:00 a.m., and a hearing to approve the sale

1  of substantially all of the assets is to take place today,

2  and that's what we're here to do today.

3  On May 18th, Your Honor, the Debtors' noticing

4  agent served by first-class mail the Court-approved notice

5  of auction procedures and sale hearing; two, the sale

6  procedures; three, the notice of possible assumption sale

7  and assignment of certain unexpired leases and executory

8  contracts as well as the cure exhibit; and the notice of

9  commencement of Chapter 11 cases, the meeting of creditors,

10  and fixing of certain dates.

11  An affidavit of service evidencing that filing --

12  excuse me, an affidavit of service evidencing that

13  circulation and mailing was filed on May 19th as Docket

14  Number 89.  The Debtors' notice of possible assumption sale

15  and assignment of certain unexpired leases and executory

16  contracts as well as annexed cure schedule that was served

17  on the parties referenced two seconds ago was filed on the

18  docket on May 22nd, 2009 as Docket Number 97.

19  Additionally, on May 20th, the Debtors' noticing

20  agent served by Federal Express on certain parties, one, the

21  notice of auction procedures and sale hearing; two, the sale

22  procedures; three, the amended notice of possible assumption

23  sale and assignment of certain unexpired leases and

24  executory contracts, as well as a cure exhibit.  And the

25  reason for the amendment was just to clarify a few cure

1  points and to -- I believe one additional party or two

2  additional parties were added in, and that was the reason

3  for doing it by Federal Express so they would receive it by

4  the next day which coincided with the time that they would

5  receive the regular mailing on May 18th.

6          Your Honor, an affidavit of service evidencing

7  that filing was filed on May 21st, 2009 as Docket Number 94.

8  Additionally, the amended notice of possible assumption sale

9  and assignment of certain unexpired leases and executory

10  contracts as well as the annexed cure schedule that were

11  served by the noticing agent was filed on the docket on

12  May 22nd, 2009 as Docket Number 98.

13          Additionally, Your Honor, the Debtors published

14  two notices, one on May 21st and the other on May 22nd, of

15  the proposed sale of the Debtors' assets, as well as the

16  notice did contain the salient dates relative to the

17  proposed sale in the national edition of the *Wall Street*

18  *Journal*.  An affidavit of publication, Your Honor, was filed

19  on May 22nd, 2009 as Docket Number 96.

20          With respect to cure objections, it's important

21  to note that the Debtors did, in fact, receive two cure

22  objections.  One was timely; the other not.  The other --

23  the first objection was from a party named PDQ Temporaries

24  who asserted that the cure amount should be listed as 1,400.

25  The other party is Vision Data who objected to their cure

1  amount being listed as disputed.  What we have agreed to and

2  what the parties have agreed to is that this -- these

3  objections would not have anything to do with the sale, that

4  it would not affect -- excuse me, that it would  not affect

5  the sale hearing going forward today, but that the parties

6  would agree to work towards a consensual resolution of the

7  cure amounts.  And if such a resolution is unable to be

8  achieved, then we would ask the Court, or the parties would

9  ask the Court to intervene and help adjudicate that issue.

10           Just to be clear for the record, Your Honor,

11  nothing in that previous statement that I just made shall be

12  deemed to be a representation that the objecting parties'

13  contract will, in fact, be assumed and be considered an

14  assigned contract under the APA.

15           With those representations, Your Honor, the

16  parties are not objecting to the sale.  We just wanted to

17  make it clear for the record that that's how those are going

18  to be treated with respect to today and going forward.

19           The Debtors also received their preliminary

20  objection to the sale from the committee, which I just

21  previously referenced.  That objection, Your Honor, has been

22  resolved pursuant to the consensual accord reached between

23  the parties in this case.

24           At this point we would like to move forward with

25  two proffers for the record, one of Mr. Chris Wu who is a

1  managing director at Carl Marks, as well as Mr. Eugene Carr

2  who is the Chief Executive Officer.  Both parties, Your

3  Honor, are in court today and are available for examination

4  if necessary, but we do request if the Court finds it

5  acceptable that we have the opportunity to proceed by

6  proffer.

7          THE COURT:  Any objection?  Hearing none, you may

8  proceed.

9          MR. HORN:  Your Honor, at this point I would like

10  to turn the podium over to my colleague, Jack Sherwood.

11          THE COURT:  Very well.

12          MR. SHERWOOD:  Good morning, Your Honor.  I'll

13  start with the proffer of Chris Wu.  Mr. Wu is a managing

14  director of Carl Marks & Company.  He was personally and

15  actively involved in the Debtors' pre- and post-petition

16  restructuring efforts, as well as the efforts to market the

17  Debtors' assets for sale in this case.  Carl Marks'

18  retention was approved by the Court.

19          Since their engagement in June of 2008, Carl

20  Marks assisted the Debtors in connection with their

21  negotiations with their existing lender group and worked on

22  a potential restructuring as well as the pursuit of new

23  financing alternatives.  They are familiar with the

24  company's financial performance, they have performed

25  valuation of the company based on EBITDA numbers, and they

1   have worked on restructuring proposals with management and

2   the lender group.

3           In addition to that, they have worked post-

4   bankruptcy on -- or actually pre-bankruptcy in connection

5   with the pursuit of DIP financing, and post-bankruptcy their

6   major task has been to run the 363 sale process.

7           They are familiar with the Debtors' business and

8   its values, and they would testify -- Mr. Wu would testify

9   that the reason for the decline in business here was the

10  drop in advertising revenues, and namely they would point to

11  the areas of traditional ad revenue that have been hurt in

12  the current economy, namely real estate, automobile, and

13  classified.

14          Nevertheless, Your Honor, they would say that if

15  deleveraged, this company can make a profit on a go-forward

16  basis, and by deleveraged I'm referring to the $110 million

17  of prepetition secured debt that this company had to

18  service.

19          Post-petition, Your Honor, Carl Marks and Mr. Wu

20  prepared a teaser pursuant to the bid procedures order and

21  circulated that to numerous parties.  They created a data

22  room containing legal data, information regarding the

23  Debtors' assets, employees, financial data, customer data,

24  and various investor presentations.  There were 162

25  potential investors contacted.  There was little interest

1 shown by these parties given the stressed performance of the

2 company and the uncertainty of the future of the company and

3 the industry, and of course the high value of secured debt

4 and the high value bar set by the stalking horse bid.

5        Of the 162 parties that were contacted, just 21

6 indicated any interest.  Only seven returned confidentiality

7 agreements.  Of those seven, five said that they weren't

8 interested after receiving -- after executing the

9 confidentiality agreements which brought it down to two,

10 Your Honor.

11        One of those parties would not submit a written

12 bid, and there was one bidder and that bid was for the sum

13 of approximately $13 million for not the entire company but

14 for a part of the company.  Carl Marks consulted with the

15 creditors' committee or through us consulted with the

16 creditors' committee and the secured lenders, and they

17 concluded that the one bid that was submitted was not a

18 qualified bid under the bid procedures order.  And as a

19 result, Carl Marks concluded that pursuit of the stalking

20 horse transaction with the prepetition lender group was the

21 best course of action for this estate.

22        They would testify -- Mr. Wu would testify that

23 the terms of the asset purchase agreement that is before

24 Your Honor are fair and reasonable, that under the

25 circumstances it's the highest and best offer for the

1    purchased assets, that it constitutes reasonably equivalent

2    value and was the product of arm's length negotiation.

3         Finally, Your Honor, Mr. Wu would testify that

4    consummation of the sale contemplated by the APA would

5    provide the highest and best value for the Debtors' assets,

6    and in their opinion is in the best interests of the

7    Debtors, the creditors and the estates.

8         Your Honor, that's the end of the Carl Marks

9    proffer, and we proffer that in support of the sale.

10        THE COURT:  Does anyone wish to examine Mr. Wu?

11   I hear no response.

12        MR. SHERWOOD:  Your Honor, in addition to

13   Mr. Wu's proffer, we would call Mr. Carr as a witness, and

14   instead we will proceed by proffer.

15        Mr. Carr has submitted an affidavit, a first-day

16   affidavit in this case, Your Honor, so we would also proffer

17   that.  But to focus in on the issues before the Court,

18   Mr. Carr is the CEO of the Debtor companies and he would

19   describe the nature of the company's businesses.  They are a

20   -- one of the top community newspaper publishers in the U.S.

21   in four vibrant markets -- Minneapolis, Minnesota; Columbus,

22   Ohio; Dallas/Fort Worth, Texas; suburban Washington D.C. and

23   northern Virginia.

24        The company has 452 full-time employees plus

25   approximately 2,500 independent carriers that it provides

1　employment to.  And in that 2,500 is included not only the

2　carriers, the paper carriers, but also writers and

3　photographers who work on sort of a contract basis and rely

4　on these businesses for income.

5　　　　　Mr. Carr would describe the prepetition debt

6　structure which includes the Bank of Montreal prepetition

7　debt facility which was in -- was to be in an amount not

8　exceed 125 million, and would say that the total due

9　prepetition to the secured lenders was 110 million as of the

10　filing date.

11　　　　　American Community Newspapers, Inc., is the

12　shareholder, the holding company for the operating

13　companies, and that company is now in Chapter 11.  And at

14　that company's -- on that company's balance sheet is

15　indebtedness of $39.9 million.

16　　　　　The Debtors -- the operating Debtors at the

17　subsidiary company owe approximately $1.7 million to trade

18　creditors.  As far as the business operations, like Mr. Wu,

19　Your Honor, Mr. Carr would testify that the Debtors'

20　businesses have been adversely impacted by the economy, the

21　decline in the newspaper industry, and the drop in

22　advertising revenues.  And as a result, prepetition they

23　were unable to service their existing secured debt.

24　　　　　Mr. Carr would also say that if deleveraged, the

25　company could generate income on a go-forward basis.

1           And in that regard, the Debtors retained Carl

2   Marks and negotiated with their secured lenders prepetition,

3   and after various negotiations prepetition, it was

4   ultimately concluded that this Chapter 11 filing was the

5   best course for the companies and their creditors and their

6   employees, and that -- and so the case was filed on

7   April 28th, 2009.

8           There were sale procedures, and to the best of

9   Mr. Carr's knowledge those sales procedures were followed

10  with the assistance of his professionals.  And as he is --

11  and he is aware in his -- he would confirm that there was

12  only one bidder, and that the Debtors, after consultation

13  with the lenders and the committee, chose to move the sale

14  before the Court today.

15          He would testify that he's generally familiar

16  with the terms of the APA in term -- including the price,

17  the cure costs, the treatment of prepetition payables and so

18  forth.  And he would say that in his opinion the

19  consideration to be provided by the purchaser pursuant to

20  the APA is fair and reasonable.  It's the highest and

21  otherwise best offer for the purchased assets.  It

22  constitutes reasonably equivalent value and fair

23  consideration, and that the consummation of the sale

24  contemplated by the APA will provide the highest or

25  otherwise best value for the purchased assets and is in the

1  best interests of the Debtors, their creditors and estates.

2  He will say -- he would say the transactions

3  contemplated by the APA were not entered into for the

4  purpose of hindering, delaying, or defrauding creditors.  He

5  would say that the Debtors are the sole and lawful owners of

6  the purchased assets, and that they have been duly

7  authorized and validly authorized by all necessary corporate

8  action subject to bankruptcy court approval, of course,

9  shareholders -- all necessary corporate action to consummate

10  the sale.

11  And finally he would point out that given the

12  terms of the DIP financing, the sale must be approved on an

13  expedited basis or the company will be out of money.

14  So that, Your Honor, is the Mr. Carr proffer.

15  THE COURT:  Does anyone wish to examine Mr. Carr?

16  I hear no response.  Does the Debtor have anything further

17  in support of its motion?

18  MR. HORN:  For the record, Your Honor, it's Eric

19  Horn.  At this point, if I may approach I'd like to give

20  Your Honor a copy of the clean and blacklined orders --

21  order, excuse me -- so we could walk through the changes for

22  the Court.

23  THE COURT:  Very well.

24  MR. HORN:  May I approach, Your Honor?

25  THE COURT:  You may.  Thank you.

1    MR. HORN:  Your Honor, if we may just have one

2  moment.

3    THE COURT:  You may.

4    (Pause)

5    MR. HORN:  Apologies, Your Honor.  If we could

6  just walk trough the changes for the Court.

7    THE COURT:  All right.

8    MR. HORN:  Your Honor, actually before we go

9  through the changes, my understanding is Ms. Borders, who is

10  on the phone, is going to make a proffer relative to Newco's

11  (phonetic) ability to provide -- to honor its obligations

12  going forward.

13    THE COURT:  Ms. Porter [sic]?

14    MS. BORDERS:  Yes.  Thank you, Your Honor.  Your

15  Honor, we serve as counsel to the purchaser, and for

16  purposes of this hearing would proffer that the purchaser is

17  a duly-organized entity that has been authorized to enter

18  into the asset purchase agreement, that it has sufficient

19  assets to discharge and perform in all respects its

20  obligations and commitments under the asset purchase

21  agreement, including to perform under any contracts that are

22  assumed and assigned to it pursuant to the terms of the

23  asset purchase agreement.  That would complete the proffer.

24    THE COURT:  Thank you.

25    MR. HORN:  Your Honor, if we could just turn to

1  the order at this point to walk the Court through the

2  changes, that would be helpful.

3        THE COURT:  All right.

4        MR. HORN:  The first changes, Your Honor, are

5  just some cleanup items on Page 1.

6        THE COURT:  Yeah, let's --

7        MR. HORN:  It might just be helpful if we could

8  just point to the substantive changes.

9        THE COURT:  Yeah, I would appreciate that.

10        MR. HORN:  Your Honor, Page 4, Items F and G,

11  Paragraphs F and G.  It was just – it was taken out that

12  there was no auction, G, and no qualified bids were

13  received.  Page 8, Your Honor --

14        THE COURT:  Go ahead.

15        MR. HORN:  This change, Your Honor, is to reflect

16  the accord reached between the committee, the lenders, and

17  the Debtors relative to what's going to be paid as far as

18  trade payables.  In other words, this amends the definition

19  of trade payables in the APA.  It's self-explanatory, but if

20  Your Honor wants me to put it on the record I could

21  certainly do that.

22        THE COURT:  No, I've read it.  Looks like a plan.

23  So it precipitates my next question which is, assuming I

24  approve this sale today, what next in terms of the

25  bankruptcy proceeding?

1    MR. HORN:  Your Honor, at this point we're still

2  considering what the appropriate strategy is going forward

3  as far as an exit strategy.  We are considering a few items.

4  If I may just have one moment to confer with one of my

5  colleagues.

6    THE COURT:  You may.

7    MR. HORN:  Thank you.

8      (Counsel confer)

9    MR. HORN:  Your Honor, just to make the record

10  clear, at this point those options include exploring a

11  structured dismissal or a conversion of the case.

12    THE COURT:  All right.  Well, anyone who has

13  heard what I'm about to say before, forgive me for making

14  you sit through it for a second time.  As a result of two

15  situations which occurred relatively recently in different

16  cases, I was faced at the end of the case with a scenario in

17  which in connection with the sale order or a DIP order, it

18  came time to dismiss or convert and there were requests for

19  the Court to approve either a structured dismissal or a

20  procedure upon conversion that involved transfer of funds

21  that had been set aside for unsecured creditors to a trust,

22  but with a request that the Court be available for

23  administration of claims objections and the like.

24    I've come to the conclusion that I wish to avoid

25  such circumstances in the future.  They're problematic

1  because they're procedurally untidy, and because I think

2  arguably, and the U.S. Trustee has argued this on occasion,

3  such arrangements violate the absolute priority rule.  So

4  I'm determined to do a couple of things.

5         One is that is not to approve arrangements that

6  arguably violate the absolute priority rule.  There are no

7  objections here.  But secondly understand that if it comes

8  to a point at which this case is to be converted, anything

9  that's available in the estate is going to be put back into

10 the 7 for administration by a Chapter 7 trustee.

11        And I say that now, and I've been taking time to

12 explain that to parties because, as we all know, the

13 liquidating cases have been coming in great numbers for some

14 period of time now, and I wish to avoid having the

15 untidiness at the point of the case at which if no plan can

16 be proposed, dismissal or conversion occurs.

17        So I just -- I offer that advice for whatever

18 it's worth for what will happen and what I'm willing to do

19 and not to do for the remainder of -- whatever it may be --

20 this bankruptcy proceeding.

21        MR. HORN:  Thank you, Your Honor.  If we may have

22 one moment, Your Honor.

23        THE COURT:  You may.

24    (Counsel confer)

25        MR. HORN:  Your Honor, the next substantive

1  change which is important to put on the record has to do

2  with a motion that was actually filed and listed as Agenda

3  Item Number 1, and then if you turn to Paragraph 9 on

4  Page 14, and if we can, Your Honor, I'd like to address that

5  motion in the context of this paragraph.

6          THE COURT:  Go ahead.

7          MR. HORN:  That paragraph was added to address or

8  to add in certain assumed liabilities, certain stay bonus --

9  excuse me, certain sale incentive bonuses that were to be

10 made if approved by the Court.

11         What this paragraph does, Your Honor, is

12 basically says that those payments that were contemplated to

13 be made in pursuant to the sale incentive motion are now

14 just going to be made as an assumed liability, and

15 essentially that motion is going to be withdrawn without

16 prejudice because that's now going to be handled in the

17 context of a sale order and the APA.

18         And what the purchaser there is doing is they're

19 agreeing to assume that 328,000 obligation to certain

20 employees under the APA and make those payments within five

21 days of -- five business days of the closing.

22         THE COURT:  All right.

23         MR. HORN:  With that, Your Honor, we would like

24 to withdraw without prejudice to refile if necessary Agenda

25 Item Number 1 which is the Debtors' motion for the entry

1  into a sale incentive plan.

2          THE COURT:  All right.  Is there any objection?

3  I hear none.

4          MR. HORN:  Your Honor, the next and I believe the

5  last substantive change is Paragraph 24 on Page 19 which

6  discusses certain designation rights relative to how long

7  the purchaser has to assume, sign, et cetera, relative to

8  contracts.

9          With those changes, Your Honor, we would submit

10  that we respectfully request that the Court would approve

11  the sale of substantially all of the Debtors' assets to the

12  purchaser contemplated under the APA.

13          THE COURT:  All right.  Thank you.  Let me ask if

14  anyone else wishes to be heard in connection with the sale

15  motion.

16          MR. KENNEY:  Your Honor, Mark Kenney for the

17  United States Trustee.  Your Honor, there are a couple of

18  wordsmithing issues in the blackline form of order that, you

19  know, this is the first time I've seen it so I wanted to

20  spend a couple of minutes going over it with the Debtors

21  just to clean up a couple of small issues that I don't think

22  anybody is going to have any objections to.

23          THE COURT:  All right.  Does anyone else wish to

24  be heard?

25          MR. CARICKHOFF:  Good morning, Your Honor.  May

1    it please the Court, David Carickhoff of Blank Rome on

2    behalf of the creditors' committee.  Your Honor, as we had

3    indicated before the sale hearing, it was critical knowing

4    where these cases were headed in that the ultimate plan was

5    to convert or dismiss after the sale to make sure that there

6    is some meaningful distribution to unsecured creditors or

7    some recovery for them through the sale process.

8              We believe that the resolution that was reached

9    with respect to Newco and the lenders regarding that does

10   provide a meaningful distribution to unsecured creditors in

11   this case as the Debtors had represented through Mr. Carr's

12   proffer.

13             There is approximately $1.7 million worth of

14   trade debt in this case, Your Honor.  Through the proposal

15   that's in the form of order Your Honor has, there is going

16   to be not less than a million sixty offered to trade

17   creditors through various buckets.

18             In terms of whether or not this arrangement goes

19   askew of confirmation issues, Your Honor, I think the way

20   that the arrangement works, those contracts that are assumed

21   and assigned are going to get paid in full.  That would be

22   consistent with anything that would happen in a plan

23   context.  The 503(b)(9) claimants are going to be paid in

24   full.  Again, that's consistent with any plan requirements

25   with respect to those administrative expense claims.

1          And then the trade debt is going to receive some

2    recovery of not less than 15 percent and potentially higher

3    depending on where things shake out, Your Honor.

4          THE COURT:  All right.  Thank you.

5          MR. CARICKHOFF:  Thank you.

6          THE COURT:  Does anyone else care to be heard in

7    connection with the sale motion?

8          MR. SHERWOOD:  Yeah, one more thing, Your Honor.

9    Jack Sherwood for the Debtors.  We have with respect to

10   Mr. Kenney's wordsmithing concerns, he has shared them with

11   me during the course of the hearing and I think we'll be

12   able to consult with everybody and get that resolved.

13          But assuming, Your Honor, that this -- that Your

14   Honor is inclined to enter the sale order and approve the

15   sale, we would expect to close as soon as possible.  But we

16   want the Court to know that prior to any closing that

17   occurs, we intend to present a final draw request against

18   the DIP loan, and that draw request will be in an amount

19   sufficient to satisfy all accrued and unpaid Chapter 11

20   admin claims, including U.S. Trustee fees, accrued and

21   unpaid professional fees, any claim or noticing costs that

22   are accrued and unpaid, together with projected wind-down

23   costs that are projected to occur through whatever exit

24   strategy we pull together here.  So the game plan from

25   Debtors' point of view, and we want to make this very clear,

1 is that we are not going to allow this process to be

2 financed on the backs of unpaid Chapter 11 administrative

3 claims.

4 And we -- given that this is a moving target and

5 things happened yesterday and we're getting bills and stuff

6 like that, we're not in a position right now -- we are

7 confident that we are going to do this within the guidelines

8 of the DIP budget. I think we've got enough there. But we

9 just wanted to reassure the Court, notify the Court, notify

10 the U.S. Trustee, and notify the secured lenders that the

11 Debtor believes it's its fiduciary duty to get all of this

12 taken care of. Not only accrued but projected expenses

13 addressed before closing, and we intend to do that.

14 THE COURT: All right. Thank you. All right.

15 Based upon this record, I am prepared to approve the relief

16 that's been requested in the sale motion along with the

17 proposed changes, including the assumption by the purchaser

18 of the sale bonus payments.

19 When can you have an order to me?

20 MR. HORN: Your Honor, we expect to have them

21 wrapped up within a half hour after the hearing.

22 THE COURT: All right. Submit that under

23 certification and I'll act upon it so that it gets docketed

24 today. Does the committee wish to address its motion,

25 Number 2 of the agenda?

1    MR. CARICKHOFF:  Certainly, Your Honor.  In light

2   of the fact that we've reached a resolution with Newco and

3   the secured lenders in these cases, the committee would

4   withdraw its motion which is I believe Agenda Item Number 2

5   seeking to extend its investigation period and seeking to

6   adjourn the sale hearing.

7    THE COURT:  All right.

8    MR. HORN:  Hold on, Your Honor.

9    (Counsel confer)

10    MR. CHIPMAN:  Good morning, Your Honor.  For the

11   record, William Chipman, Landis Rath & Cobb on behalf of the

12   Debtors.

13    If it makes sense, if we can get the order

14   interlineated in five or ten minutes after the hearing,

15   would it make sense to hand it to your clerk, Mrs. Hunt, or

16   does it have to be submitted under cert?

17    THE COURT:  So long as you're all here and I know

18   you all agree, that will suffice.

19    MR. CHIPMAN:  Thank you, Your Honor.

20    THE COURT:  All right.  Let's finish up.

21    MR. HORN:  Your Honor, again for the record, Eric

22   Horn from Lowenstein Sandler.

23    The last item on the agenda is the joint

24   administration motion with respect to American Community

25   Newspapers, Inc.  Your Honor, American Community Newspapers,

1  Inc. recently filed their Chapter 11 case and, Your Honor,

2  this was -- the purpose of the filing was really just an

3  administrative cleanup to make sure that the whole corporate

4  family was in the Chapter 11 process.

5      Again, for the reasons stated in the motion,

6  administrative ease, unnecessary duplication of filing, we

7  ask the Court that -- for authority to have these cases

8  jointly administered.

9      THE COURT:  Does anyone else wish to be heard in

10  connection with this motion?  I hear no response.  I have no

11  questions.  Do you have a form of order for me?

12      MR. HORN:  I do, Your Honor.  There is one change

13  which I would like to read in the record.  If you're -- if I

14  may approach, I can give Your Honor a blackline.

15      THE COURT:  All right.  Okay.  I see the change

16  and don't have any questions.

17      MR. HORN:  Your Honor, with that we would

18  respectfully request that the joint administration order be

19  entered.

20      THE COURT:  All right.  Do you want to give me a

21  clean copy?

22      MR. HORN:  Absolutely, Your Honor.  That order

23  has been signed.  Anything further for today?

24      MR. HORN:  That's all we have, Your Honor.  I

25  thank you very much for the Court's consideration today.

1        THE COURT:  All right.  Thank you.

2        (Whereupon at 11:42 a.m., the hearing was adjourned)

3

4                        CERTIFICATION

5

6        I  certify  that  the  foregoing  is  a  correct

7   transcript  from  the  electronic  sound  recording  of  the

8   proceedings in the above-entitled matter.

9

10

11   _____        June 15, 2009

12   Ilene Watson

13   AAERT Cert. No. 447

14   Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| 503(b)(9)(1) 22:23 | | and(149) 3:7  3:15  3:24  4:4  4:7  4:23  4:24 | | auction(5) 5:24  6:5  6:21  17:12 | | case(14) 1:8  1:14  4:1  8:23  9:17  12:16 | |
| a.m(3) 3:1  5:25  27:2 | | 5:8  5:10  5:25  6:2  6:5  6:7  6:7  6:8  6:10 | | authority(3) 4:4  4:15  26:7 | | 14:6  18:11  18:16  19:8  19:15  22:11  22:14 | |
| ability(1) 16:11 | | 6:13  6:15  6:15  6:21  6:23  6:23  6:24  7:1 | | authorized(3) 15:7  15:7  16:17 | | 26:1 | |
| able(1) 23:12 | | 7:2  7:9  7:9  7:14  8:1  8:7  8:9  8:13  8:18 | | automobile(1) 10:12 | | cases(5) 3:15  6:9  18:16  19:13  22:4  25:3 | |
| about(1) 18:13 | | 9:3  9:14  9:15  9:21  9:25  10:1  10:5  10:7 | | avenue(1) 1:33 | | 26:7 | |
| above-entitled(1) 27:8 | | 10:8  10:10  10:12  10:16  10:19  10:20  10:24 | | avoid(2) 18:24  19:14 | | | |
| | | 11:2  11:2  11:3  11:4  11:12  11:12  11:16 | | aware(2) 3:23  14:11 | | cash(1) 5:6 | |
| absolute(2) 19:3  19:6 | | 11:16  11:18  11:24  11:25  12:2  12:5  12:6 | | back(2) 3:11  19:9 | | ceo(1) 12:18 | |
| absolutely(1) 26:22 | | 12:7  12:9  12:13  12:18  12:22  13:1  13:2 | | backdrop(1) 4:7 | | cert(2) 25:16  27:13 | |
| acceptable(2) 4:11  9:5 | | 13:3  13:8  13:13  13:13  13:21  13:22  14:1 | | background(1) 4:7 | | certain(12) 5:3  6:7  6:10  6:15  6:20  6:23 | |
| accord(2) 8:22  17:16 | | 14:2  14:3  14:5  14:5  14:6  14:6  14:8  14:10 | | backs(1) 24:2 | | 7:9  20:8  20:8  20:9  20:19  21:6 | |
| accrued(4) 23:19  23:20  23:22  24:12 | | 14:11  14:12  14:13  14:17  14:18  14:18 | | balance(2) 5:7  13:14 | | | |
| achieved(1) 8:8 | | 14:20  14:22  14:23  14:25  15:1  15:5  15:6 | | bank(1) 13:6 | | certainly(2) 17:21  25:1 | |
| act(1) 24:23 | | 15:7  15:11  15:20  16:15  16:16  16:20  16:22 | | bankruptcy(7) 1:1  1:25  3:20  10:4  15:8 | | certification(2) 24:23  27:4 | |
| action(3) 11:21  15:8  15:9 | | 17:10  17:11  17:12  17:16  18:18  18:23  19:1 | | 17:25  19:20 | | certify(1) 27:6 | |
| actively(1) 9:15 | | 19:2  19:11  19:14  19:18  19:19  19:19  20:2 | | | | cetera(1) 21:7 | |
| actually(3) 10:4  16:8  20:2 | | 20:3  20:4  20:14  20:17  20:18  20:20  21:4 | | banks(1) 5:10 | | change(5) 17:15  20:1  21:5  26:12  26:15 | |
| add(1) 20:8 | | 22:9  22:21  23:1  23:2  23:11  23:12  23:14 | | bar(1) 11:4 | | changes(8) 15:21  16:6  16:9  17:2  17:4  17:8 | |
| added(2) 7:2  20:7 | | 23:18  23:19  23:20  23:22  23:25  24:4  24:4 | | based(2) 9:25  24:15 | | 21:9  24:17 | |
| addition(1) 10:3  12:12 | | 24:5  24:5  24:10  24:13  24:23  25:2  25:5 | | basically(1) 20:12 | | | |
| additional(2) 7:1  7:2 | | 25:17  26:1  26:16 | | basis(4) 10:16  13:3  13:25  15:13 | | chapter(10) 1:6  1:13  6:9  13:13  14:4  19:10 | |
| additionally(5) 6:19  7:8  7:13 | | | | because(4) 19:1  19:1  19:12  20:16 | | 23:19  24:2  26:1  26:4 | |
| address(3) 20:4  20:7  24:24 | | annexed(2) 6:16  7:10 | | been(12) 4:19  8:21  10:6  10:11  13:20  15:6 | | | |
| addressed(1) 24:13 | | any(9) 9:7  11:6  16:21  21:2  21:22  22:24 | | 16:17  18:21  19:11  19:13  24:16  26:23 | | chief(3) 3:10  9:2 | |
| adjourn(1) 25:6 | | 23:16  23:21  26:16 | | | | chipman(5) 1:38  3:9  25:10  25:11  25:19 | |
| adjourned(1) 27:2 | | | | before(9) 1:24  3:16  11:23  12:17  14:14 | | chose(1) 14:13 | |
| adjudicate(1) 8:9 | | anybody(1) 21:22 | | 16:8  18:13  22:3  24:13 | | chosen(1) 3:24 | |
| admin(1) 23:20 | | anyone(7) 12:10  10:15  18:12  21:14  21:23 | | | | chris(3) 3:11  8:25  9:13 | |
| administered(2) 1:10  26:8 | | 23:6  26:9 | | behalf(3) 3:6  22:2  25:11 | | circulated(1) 10:21 | |
| administration(4) 18:23  19:10  25:24  26:18 | | | | being(1) 8:1 | | circulation(1) 6:13 | |
| administrativ(4) 22:25  24:2  26:3  26:6 | | anything(5) 8:3  15:16  19:8  22:22  26:23 | | believe(4) 7:1  21:4  22:8  25:4 | | circumstances(2) 11:25  18:25 | |
| adversely(1) 13:20 | | apa(11) 5:4  8:14  12:24  14:16  14:20  14:24 | | believes(1) 24:11 | | claim(1) 23:21 | |
| advertising(2) 10:10  13:22 | | 15:3  17:19  20:17  20:20  21:12 | | best(9) 11:21  11:25  12:5  12:6  14:5  14:8 | | claimants(1) 22:23 | |
| advice(1) 19:17 | | | | 14:21  14:25  15:1 | | claims(4) 18:23  22:25  23:20  24:3 | |
| advisor(3) 3:12 | | apologies(1) 16:5 | | | | clarify(1) 6:25 | |
| aert(1) 27:13 | | appearances(1) 2:19 | | between(3) 5:9  8:22  17:16 | | classified(1) 10:13 | |
| affect(2) 8:4  8:4 | | appearing(1) 3:5 | | bid(8) 5:2  10:20  11:4  11:12  11:12  11:17 | | clean(3) 15:20  21:21  26:21 | |
| affidavit(6) 6:11  6:12  7:6  7:18  12:15  12:15 | | appointed(1) 3:22 | | 11:18  11:18 | | cleanup(2) 17:5  26:3 | |
| after(7) 11:8  11:8  14:3  14:12  22:5  24:21 | | appreciate(1) 17:9 | | bidder(2) 11:12  14:12 | | clear(4) 8:10  8:17  18:10  23:25 | |
| 25:14 | | approach(3) 15:19  15:24  26:14 | | bids(2) 5:23  17:12 | | clerk(2) 3:2  25:15 | |
| | | appropriate(1) 18:2 | | bill(1) 1:38 | | close(1) 23:15 | |
| again(3) 22:24  25:21  26:5 | | approval(1) 15:8 | | bills(1) 24:5 | | closing(4) 5:3  20:21  23:16  24:13 | |
| against(1) 23:17 | | | | blackline(2) 21:18  26:14 | | co–counsel(1) 3:8 | |
| agenda(8) 4:11  4:14  4:17  20:2  20:24 | | approve(8) 3:18  5:25  17:24  18:19  19:5 | | blacklined(1) 15:20 | | cobb(3) 1:37  3:9  25:11 | |
| 24:25  25:4  25:23 | | 21:10  23:14  24:15 | | blank(3) 2:13  3:24  22:1 | | code(1) 3:20 | |
| | | | | boggs(1) 2:6 | | coincided(1) 7:4 | |
| agent(3) 6:4  6:20  7:11 | | approved(4) 3:17  9:18  15:12  20:10 | | bonus(2) 20:8  24:18 | | colleague(1) 9:10 | |
| ago(1) 6:17 | | approximately(4) 11:13  12:25  13:17  22:13 | | bonuses(1) 20:9 | | colleagues(2) 3:7  18:5 | |
| agree(2) 8:6  25:18 | | april(1) 3:15  3:16 | | borders(3) 2:22  16:9  16:14 | | columbus(1) 12:21 | |
| agreed(2) 8:1  8:2 | | april 28th(1) 14:7 | | both(1) 9:2 | | come(1) 18:24 | |
| agreeing(1) 20:19 | | are(26) 3:6  4:8  4:18  8:16  8:17  9:3  9:3 | | brought(1) 11:9 | | comes(1) 19:7 | |
| agreement(5) 4:21  11:23  16:18  16:21 | | 9:23  10:7  11:24  12:19  15:5  16:21  17:4 | | buckets(2) 22:17 | | coming(1) 19:13 | |
| agreements(2) 11:7  11:9 | | 18:3  19:6  20:13  21:17  22:20  22:21  22:23 | | budget(1) 24:8 | | commencemen(1) 6:9 | |
| ahead(3) 3:4:9  17:14  20:6 | | 23:22  23:23  24:1  24:6  24:7 | | building(1) 2:6 | | commitments(1) 16:20 | |
| all(31) 3:2  4:16  4:19  4:23  6:1  15:7  15:9 | | | | business(4) 10:7  10:9  13:18  20:21 | | committee(13) 2:13  3:22  3:23  3:25  5:10 | |
| 16:7  16:19  17:3  18:12  19:12  20:22  21:2 | | areas(1) 10:11 | | businesses(3) 12:19  13:4  13:20 | | 8:20  11:15  11:16  14:13  17:16  22:2  24:24 | |
| 21:11  21:13  23:21  23:4  23:19  24:11  24:14 | | arguably(2) 19:2  19:6 | | but(13) 4:18  8:5  9:4  11:13  12:17  13:2 | | 25:3 | |
| 24:14  24:22  25:7  25:17  25:18  25:20  26:15 | | argued(1) 19:2 | | 17:19  18:22  19:7  23:13  23:15  24:8  24:12 | | | |
| 26:20  26:24  27:1 | | arm's(1) 12:2 | | | | community(6) 1:8  1:16  12:20  13:11  25:24 | |
| | | arrangement(2) 22:18  22:20 | | | | 25:25 | |
| allow(1) 24:1 | | arrangements(2) 19:3  19:5 | | caleb(1) 2:6 | | | |
| along(1) 24:16 | | aside(1) 18:21 | | call(1) 12:13 | | companies(3) 12:18  13:13  14:5 | |
| also(63) 3:7  3:13  5:8  5:20  8:19  12:16  13:2 | | ask(4) 8:8  8:9  21:13  26:7 | | came(1) 18:18 | | company(15) 4:24  9:14  9:25  10:15  10:17 | |
| 13:24 | | askew(1) 22:19 | | can(6) 10:15  19:20  20:4  24:19  25:13  26:14 | | 11:2  11:2  11:12  11:13  11:14  12:24  13:13 | |
| | | asserted(1) 7:24 | | capacity(1) 3:25 | | 13:17  13:25  15:13 | |
| alternatives(1) 9:23 | | asset(4) 11:23  16:18  16:20  16:23 | | care(2) 23:6  24:12 | | | |
| amended(2) 6:22  7:8 | | assets(21) 3:19  4:3  4:3  4:4  4:16  4:23  4:25 | | carey(1) 11:24 | | company's(4) 9:24  12:19  13:14  13:14 | |
| amendment(1) 6:25 | | 5:1  5:15  5:23  6:1  7:15  9:17  10:23  12:1 | | carickhofl(6) 2:14  3:24  21:25  22:1  23:5 | | complete(1) 16:23 | |
| amends(1) 17:18 | | 12:5  14:21  14:25  15:6  16:19  21:11 | | 25:1 | | concerns(1) 23:10 | |
| american(3) 13:11  25:24  25:25 | | | | | | concluded(3) 11:17  11:19  14:4 | |
| among(2) 4:2  5:14 | | assigned(3) 8:14  16:22  22:21 | | carl(10) 3:12  9:1  9:14  9:17  9:19  10:19 | | conclusion(1) 18:24 | |
| amount(6) 5:5  5:6  7:24  8:1  13:7  23:18 | | assignment(4) 6:7  6:15  6:23  7:9 | | 11:14  11:19  12:8  14:1 | | confer(4) 18:4  18:8  19:24  25:9 | |
| amounts(2) 5:20  8:7 | | assistance(1) 14:10 | | | | confident(1) 24:7 | |
| | | assisted(1) 9:20 | | carr(10) 3:10  3:13  9:1  12:13  12:15  13:5 | | confidentiality(2) 11:6  11:9 | |
| | | assume(2) 20:19  21:7 | | 13:19  13:24  15:14  15:15 | | confirm(1) 14:11 | |
| | | assumed(7) 5:4  5:21  8:13  16:22  20:8 | | | | confirmation(2) 22:19 | |
| | | 20:14  22:20 | | carr's(2) 14:9  22:11 | | connection(6) 9:20  10:4  18:17  21:14  23:7 | |
| | | | | carriers(3) 12:25  13:2  13:2 | | 26:10 | |
| | | assuming(2) 17:23  23:13 | | | | | |
| | | assumption(6) 5:3  6:6  6:14  6:22  7:8  24:17 | | | | consensual(2) 8:6  8:22 | |
| | | atlanta(1) 2:24 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

consensus(1) 5:9
consider(1) 5:14
consideration(4) 5:1 14:19 14:23 26:25
considered(1) 8:13
considering(2) 18:2 18:3
consistent(2) 22:22 22:24
constitutes(2) 12:1 14:22
consult(1) 23:12
consultation(1) 14:12
consulted(2) 11:14 11:15
consummate(2) 3:19 15:9
consummation(2) 12:4 14:23
contacted(2) 10:25 11:5
contain(1) 7:16
containing(1) 10:22
contemplated(5) 12:4 14:24 15:3 20:12 21:12

contested(1) 4:18
context(3) 20:5 20:17 22:23
continued(1) 2:2
contract(3) 8:13 8:14 13:3
contracts(8) 5:21 6:8 6:16 6:24 7:10 16:21 21:8 22:20

conversion(3) 18:11 18:20 19:16
convert(2) 18:18 22:5
converted(1) 19:8
copy(2) 15:20 26:21
corporate(3) 15:7 15:9 26:3
correct(1) 27:8
costs(4) 5:5 14:17 23:21 23:23
could(6) 13:25 15:21 16:5 16:25 17:7
counsel(4) 16:15 18:8 19:24 25:9
counterparties(1) 5:21
couple(4) 19:4 21:17 21:20 21:21
course(6) 3:16 11:3 11:21 14:5 15:8 23:11
court(66) 1:1 3:3 3:6 3:7 3:16 4:9 4:12 4:13 4:17 5:9 5:13 5:16 8:8 8:9 9:3 9:4 9:7 9:11 9:18 12:10 12:17 14:14 15:8 15:15 15:22 15:25 16:3 16:6 16:7 16:13 16:24 17:1 17:3 17:6 17:9 17:14 17:22 18:6 18:12 18:19 18:22 19:23 20:6 20:10 20:22 21:2 21:10 21:13 21:23 22:1 23:4 23:6 23:16 24:9 24:9 24:14 24:22 25:7 25:17 25:24 26:7 26:9 26:15 26:20 27:1

court's(1) 26:25
court-approved(1) 6:4
courtroom(1) 1:16
created(1) 10:21
credit(1) 5:2
creditors(15) 2:14 3:23 6:9 11:15 11:16 12:7 13:18 14:5 15:1 15:4 18:21 22:2 22:6 22:10 22:17

critical(1) 22:3
cure(13) 5:5 5:20 6:8 6:16 6:24 6:25 7:10 7:20 7:21 7:24 7:25 8:7 14:17

current(1) 10:12
customer(1) 10:23
d.c(1) 12:22
dallas/fort(1) 12:22
data(6) 1:45 7:25 10:21 10:22 10:23 10:23
date(2) 5:16 13:10
dates(2) 6:10 7:16
david(3) 2:14 3:24 22:1
day(2) 4:1 7:4
days(2) 20:21 20:21
debt(7) 10:17 11:3 13:5 13:7 13:23 22:14 23:1

debtor(4) 4:24 12:18 15:16 24:11

debtors(47) 1:11 1:19 1:29 3:6 3:10 3:12 3:14 3:19 4:1 4:4 4:15 4:16 4:23 5:10 5:15 5:17 5:18 5:20 6:3 6:14 6:19 7:13 7:15 7:21 8:19 9:15 9:17 9:20 10:7 10:23 12:5 12:17 13:16 13:16 13:19 14:1 14:12 15:1 15:5 15:17 20:25 21:11 21:20 22:11 23:9 23:25 25:12

decline(2) 10:9 13:21
deemed(1) 8:12
defined(1) 5:4
definition(1) 17:18
defrauding(1) 15:4
delaware(4) 1:2 1:18 3:1 3:22
delaying(1) 15:4
deleveraged(3) 10:15 10:16 13:24
depending(1) 23:3
describe(2) 12:19 13:5
designation(1) 21:6
determined(2) 5:5 19:4
diaz(1) 1:45
did(2) 7:16 7:21
different(1) 18:15
dip(6) 5:7 10:5 15:12 18:17 23:18 24:8
director(3) 3:11 9:1 9:14
discharge(1) 16:19
discuss(1) 4:7
discusses(1) 21:6
dismiss(2) 18:18 22:5
dismissal(3) 18:11 18:19 19:16
dispose(1) 4:3
disputed(1) 8:1
distribution(2) 22:6 22:10
district(2) 1:2 3:22
docket(7) 6:13 6:18 6:18 7:7 7:11 7:12 7:19

docketed(1) 24:23
does(10) 12:10 12:15 15:16 20:11 21:23 22:9 23:6 24:24 25:16 26:14
doing(2) 7:3 20:18
don't(2) 21:21 26:16
down(1) 11:9
draw(2) 23:17 23:18
drop(2) 10:10 13:21
due(2) 5:23 13:8
duly(1) 15:6
duly-organized(1) 16:17
duplication(1) 26:6
during(2) 3:16 23:11
duty(1) 24:11
ease(1) 26:6
ebitda(1) 9:25
economy(2) 10:12 13:20
ecro(1) 1:43
edition(1) 7:17
efforts(2) 9:16 9:16
either(1) 18:19
electronic(2) 1:50 27:7
else(4) 21:14 21:23 23:6 26:9
employees(4) 10:23 12:24 14:6 20:20
employment(1) 13:1
end(2) 12:8 18:16
engagement(1) 9:19
enough(1) 24:8
enter(2) 16:17 23:14
entered(3) 5:16 15:3 26:19
entire(1) 11:13
entity(1) 16:17
entry(1) 20:25
equal(1) 5:5
equivalent(2) 12:1 14:22
eric(4) 1:30 3:5 15:18 25:21
esq(7) 1:30 1:31 1:32 1:38 2:5 2:14 2:22
essentially(1) 20:15
establish(1) 4:2
estate(3) 10:12 11:21 19:9
estates(2) 12:7 15:1

eugene(2) 3:10 9:1
everybody(1) 23:12
evidenced(1) 5:2
evidencing(3) 6:11 6:12 7:6
examination(1) 9:3
examine(2) 12:10 15:15
exceed(1) 13:8
excuse(4) 6:12 8:4 15:21 20:9
executing(1) 11:8
executive(2) 3:10 9:2
executory(4) 6:7 6:15 6:24 7:9
exhibit(2) 6:8 6:24
existing(2) 9:21 13:23
exit(2) 18:3 23:23
expect(2) 23:15 24:20
expedited(1) 15:13
expense(1) 22:25
expenses(1) 24:12
explain(1) 19:12
exploring(1) 18:10
express(2) 6:20 7:3
extend(1) 25:5
faced(1) 18:16
facility(2) 5:7 13:7
fact(3) 7:21 8:13 25:2
fair(1) 11:24 14:20 14:22
familiar(3) 9:23 10:7 14:15
family(1) 26:4
far(3) 13:18 17:17 18:3
federal(3) 2:6 6:20 7:3
fees(2) 23:20 23:21
few(2) 6:25 18:3
fiduciary(1) 24:11
filed(10) 3:14 4:1 6:13 6:17 7:7 7:11 7:18 14:6 20:2 26:1

filing(7) 3:18 6:11 7:7 13:10 14:4 26:2
final(1) 23:17
finally(2) 12:3 15:11
financed(1) 24:2
financial(3) 3:12 9:24 10:23
financing(9) 9:23 10:5 15:12
finds(1) 9:4
fine(1) 4:13
finish(1) 25:20
firm(2) 3:5 3:9
first(6) 4:1 4:14 5:17 7:23 17:4 21:19
first--day(1) 3:15
first-class(1) 6:4
first-day(1) 12:15
five(4) 11:7 20:20 20:21 25:14
fixing(1) 6:10
focus(1) 12:17
followed(1) 14:9
following(1) 5:16
follows(1) 5:2
for(58) 1:2 1:29 2:13 2:21 3:18 3:21 3:21 4:4 4:6 4:8 4:15 5:1 5:15 6:25 7:3 8:10 8:17 8:25 9:3 9:17 10:9 11:12 11:13 11:14 11:21 11:25 12:5 13:4 13:12 14:5 14:21 14:25 15:3 15:18 15:21 16:6 16:15 18:13 18:14 18:18 18:24 18:25 19:12 19:13 19:17 19:18 19:19 19:19 20:25 21:16 22:23 23:9 25:10 25:21 26:5 26:7 26:11 26:23 26:25
foregoing(1) 27:6
forgive(1) 18:13
form(3) 21:18 22:15 26:11
forth(1) 14:18
forward(5) 8:5 8:18 8:24 16:12 18:2
four(1) 12:21
from(6) 3:5 7:23 8:20 23:24 25:22 27:7
front(1) 4:17
full(2) 22:21 22:24
full-time(1) 12:24
funds(1) 18:20
further(2) 15:16 26:23
future(2) 11:2 18:25
game(1) 23:24

gave(1) 4:7
general(1) 4:6
generally(1) 14:15
generate(1) 13:25
get(4) 22:21 23:12 24:11 25:13
gets(1) 24:23
getting(1) 24:5
give(3) 15:19 26:14 26:20
given(3) 11:1 15:11 24:4
go-forward(2) 10:15 13:25
goes(1) 22:18
going(19) 8:5 8:17 8:18 16:10 16:12 17:17 18:2 19:9 20:14 20:15 20:16 21:20 21:22 22:15 22:21 22:23 23:1 24:1 24:7

good(5) 3:3 3:4 9:12 21:25 25:10
got(1) 24:8
great(1) 19:13
group(4) 4:21 9:21 10:2 11:20
guidelines(1) 24:7
had(4) 10:17 18:21 22:2 22:11
half(1) 24:21
hand(1) 25:15
handled(1) 20:16
happen(2) 19:18 22:22
happened(1) 24:5
happy(1) 4:18
harrisburg(1) 1:47
has(15) 3:24 4:17 8:21 10:6 12:15 12:24 16:17 16:18 18:12 19:2 20:1 21:7 22:15 23:10 26:23

have(28) 4:17 4:19 4:19 8:1 8:2 8:3 9:5 9:24 10:1 10:3 10:11 13:20 15:6 15:16 16:1 18:4 19:13 19:21 21:22 23:9 24:19 24:20 25:16 26:7 26:10 26:11 26:16 26:24

having(1) 19:14
he's(1) 14:15
headed(1) 22:4
hear(4) 12:11 15:16 21:3 26:10
heard(5) 18:13 21:14 21:24 23:6 26:9
hearing(16) 3:15 3:17 4:6 5:14 5:25 6:5 6:21 8:5 9:7 16:16 22:3 23:11 24:21 25:6 25:14 27:2

held(2) 3:16 5:14
help(1) 8:9
helpful(2) 17:2 17:7
here(5) 3:20 3:24 6:2 10:9 19:7 23:24 25:17

high(2) 11:3 11:4
higher(1) 23:2
highest(1) 11:25 12:5 14:20 14:24
hindering(1) 15:4
his(3) 14:10 14:11 14:18
hold(1) 25:8
holding(1) 13:12
honor(81) 3:4 3:8 3:14 3:17 3:18 3:23 4:5 4:10 4:20 5:8 5:13 5:23 6:3 7:6 7:13 7:18 8:10 8:15 8:21 9:3 9:9 9:12 10:14 10:19 11:10 11:24 12:3 12:18 12:12 12:16 13:19 15:14 15:18 15:20 15:24 16:1 16:5 16:8 16:11 16:14 16:15 16:25 17:4 17:10 17:13 17:15 17:20 18:1 18:9 19:1 19:22 19:25 20:4 20:11 20:23 21:4 21:9 21:16 21:17 21:25 22:2 22:14 22:15 22:19 23:3 23:8 23:13 23:14 24:20 25:1 25:8 25:10 25:19 25:21 25:25 26:1 26:12 26:14 26:17 26:22 26:24

honorable(1) 1:24
horn(33) 1:30 3:4 3:4 4:10 4:14 9:9 15:18 15:19 15:24 16:1 16:5 16:8 16:25 17:4 17:7 17:10 17:15 18:1 18:7 18:9 19:21 19:25 20:7 20:23 21:4 24:20 25:8 25:21 25:22 26:12 26:16 26:17 26:22 26:24

# AMERICAN COMM NEWSPAPER.DOC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **horse**(2) 11:4 11:20 | | **less**(2) 22:16 23:2 | | **named**(1) 7:23 | | **owing**(1) 5:7 | |
| **hour**(1) 24:21 | | **let**(1) 21:13 | | **namely**(2) 10:10 10:12 | | **owners**(1) 15:5 | |
| **how**(2) 8:17 21:6 | | **let's**(2) 17:6 25:20 | | **national**(1) 7:17 | | **page**(4) 17:5 17:10 17:13 21:5 | |
| **hunt**(1) 25:15 | | **liabilities**(2) 5:4 20:8 | | **nature**(1) 12:19 | | **page 14**(1) 20:4 | |
| **hurt**(1) 10:11 | | **liability**(1) 20:14 | | **necessary**(5) 5:24 9:4 15:7 15:9 20:24 | | **paid**(3) 17:17 22:21 22:23 | |
| **i'd**(2) 15:19 20:4 | | **light**(1) 25:1 | | **negotiated**(1) 14:2 | | **paper**(1) 13:2 | |
| **i'll**(2) 9:12 24:23 | | **like**(12) 4:5 4:10 8:24 9:9 13:18 15:19 | | **negotiation**(1) 12:2 | | **paragraph**(5) 20:3 20:5 20:7 20:11 21:5 | |
| **i'm**(4) 10:16 18:13 19:4 19:18 | | 17:22 18:23 20:4 20:23 24:6 26:13 | | **negotiations**(2) 9:21 14:3 | | **paragraphs**(1) 17:11 | |
| **i've**(4) 17:22 18:24 19:11 21:19 | | | | **nevertheless**(1) 10:14 | | **part**(1) 11:14 | |
| **ilene**(1) 27:12 | | **liquidating**(1) 19:13 | | **new**(1) 9:22 | | **parties**(16) 5:9 6:17 6:20 7:2 8:2 8:5 8:8 | |
| **impacted**(1) 13:20 | | **listed**(4) 4:18 7:24 8:1 20:2 | | **newco**(2) 22:9 25:2 | | 8:12 8:16 8:23 9:2 10:21 11:1 11:5 11:11 | |
| **implemented**(1) 5:17 | | **little**(1) 10:25 | | **newco's**(1) 16:10 | | 19:12 | |
| **important**(2) 7:20 20:1 | | **livingston**(1) 1:33 | | **newspaper**(2) 12:20 13:21 | | **partisan**(1) 5:19 | |
| **inc**(4) 1:17 13:11 25:25 26:1 | | **llc**(1) 1:9 | | **newspapers**(5) 1:9 1:17 13:11 25:25 25:25 | | **party**(3) 7:1 7:23 7:25 | |
| **incentive**(3) 20:9 20:13 21:1 | | **llp**(2) 1:37 2:13 | | **next**(6) 2:3 5:13 7:4 17:23 17:24 19:25 21:4 | | **pause**(1) 16:4 | |
| **inclined**(1) 23:14 | | **loan**(2) 5:7 23:18 | | **none**(2) 9:7 21:3 | | **payable**(1) 5:5 | |
| **include**(1) 18:10 | | **lockbox**(1) 2:8 | | **noon**(1) 5:24 | | **payables**(4) 5:11 14:17 17:18 17:19 | |
| **included**(1) 13:1 | | **long**(2) 21:6 25:17 | | **northern**(1) 12:23 | | **payments**(3) 20:12 20:20 24:18 | |
| **includes**(1) 13:6 | | **looks**(1) 17:22 | | **not**(19) 7:22 8:3 8:4 8:4 8:16 11:11 11:13 | | **pdq**(1) 7:23 | |
| **including**(5) 5:10 14:16 16:21 23:20 24:17 | | **lowenstein**(3) 1:29 3:5 25:22 | | 11:17 13:1 13:7 15:3 19:5 19:19 22:16 | | **peachtree**(1) 2:23 | |
| **income**(2) 13:4 13:25 | | **lugano**(1) 1:43 | | 22:18 23:22 24:1 24:6 24:12 | | **pennsylvania**(1) 1:47 | |
| **indebtedness**(1) 13:15 | | **made**(4) 8:11 20:10 20:13 20:14 | | **note**(1) 7:21 | | **percent**(1) 23:2 | |
| **independent**(1) 12:25 | | **mail**(1) 6:4 | | **nothing**(1) 8:11 | | **perform**(2) 16:19 16:23 | |
| **indicated**(2) 11:6 22:3 | | **mailing**(2) 6:13 7:5 | | **notice**(9) 5:18 6:4 6:6 6:8 6:14 6:21 6:22 | | **performance**(2) 9:24 11:1 | |
| **industry**(2) 11:3 13:21 | | **main**(1) 3:18 | | 7:8 7:16 | | **performed**(1) 9:24 | |
| **information**(1) 10:22 | | **major**(1) 10:6 | | | | **period**(2) 19:14 25:5 | |
| **instead**(1) 12:14 | | **make**(9) 8:17 10:15 16:10 18:9 20:20 22:5 | | **notices**(1) 7:14 | | **personally**(1) 9:14 | |
| **intend**(2) 23:17 24:13 | | 23:25 25:15 26:3 | | **noticing**(4) 6:3 6:19 7:11 23:21 | | **phone**(1) 16:10 | |
| **interest**(2) 10:25 11:6 | | | | **notify**(3) 24:9 24:9 24:10 | | **phonetic**(1) 16:11 | |
| **interested**(1) 11:8 | | **makes**(1) 25:13 | | **now**(6) 13:13 19:11 19:14 20:13 20:16 | | **photographers**(1) 13:3 | |
| **interests**(3) 5:19 12:6 15:1 | | **making**(1) 18:13 | | 20:3 20:25 24:25 25:4 | | **place**(2) 5:24 6:1 | |
| **interlineated**(1) 25:14 | | **management**(1) 10:1 | | | | **plan**(7) 17:22 19:15 21:1 22:4 22:22 22:24 | |
| **intervene**(1) 8:9 | | **managing**(3) 3:11 9:1 9:13 | | **numbers**(2) 9:25 19:13 | | 23:24 | |
| **into**(5) 4:5 15:3 16:18 19:9 21:1 | | **mark**(2) 2:5 21:16 | | **numerous**(1) 10:21 | | | |
| **investigation**(1) 25:5 | | **market**(4) 1:17 1:39 2:15 9:16 | | **objected**(1) 7:25 | | **please**(1) 22:1 | |
| **investor**(1) 10:24 | | **markets**(1) 12:21 | | **objecting**(2) 8:12 8:16 | | **plus**(3) 5:2 5:6 12:24 | |
| **investors**(1) 10:25 | | **marks**(10) 3:12 9:1 9:14 9:17 9:20 10:19 | | **objection**(5) 7:23 8:20 8:21 9:7 21:2 | | **podium**(1) 9:10 | |
| **involved**(2) 9:15 18:20 | | 11:14 11:19 12:8 14:2 | | **objections**(7) 4:19 7:20 7:22 8:3 18:23 | | **point**(13) 4:5 8:24 9:9 10:10 15:11 15:19 | |
| **issue**(1) 8:9 | | | | 19:7 21:22 | | 17:1 17:8 18:1 18:10 19:8 19:15 23:25 | |
| **issues**(2) 12:17 21:18 21:21 22:19 | | **matter**(4) 4:6 4:14 4:15 27:8 | | | | | |
| **it's**(8) 4:24 7:20 11:25 14:20 15:18 17:19 | | **matters**(2) 4:8 4:11 | | **obligation**(1) 20:19 | | **points**(1) 7:1 | |
| 19:18 24:11 | | **may**(39) 3:14 3:21 5:13 5:13 5:19 5:22 | | **obligations**(2) 16:11 16:20 | | **porter**(1) 16:13 | |
| | | 5:25 6:3 6:13 6:18 6:19 7:5 7:7 7:14 7:14 | | **occasion**(1) 19:2 | | **portion**(1) 5:11 | |
| **item**(4) 20:3 20:25 25:4 25:23 | | 7:19 9:7 15:19 15:24 15:25 16:5 16:8 | | **occur**(1) 23:23 | | **position**(1) 24:6 | |
| **items**(3) 17:5 17:10 18:3 | | 18:4 18:6 19:19 19:21 19:23 21:25 26:14 | | **occurred**(1) 18:15 | | **possible**(5) 6:6 6:14 6:22 7:8 23:15 | |
| **its**(8) 10:8 15:17 16:11 16:19 24:11 24:24 | | | | **occurs**(2) 19:16 23:17 | | **post**(1) 10:3 | |
| 25:4 25:5 | | **may 22nd**(1) 7:12 | | **offer**(3) 11:25 14:21 19:17 | | **post-bankruptcy**(1) 10:5 | |
| | | **may 26th**(1) 5:24 | | **offered**(1) 22:16 | | **post-petition**(2) 9:15 10:19 | |
| **jack**(2) 9:10 23:9 | | **meaningful**(2) 22:6 22:10 | | **office**(1) 2:4 | | **potential**(2) 9:22 10:25 | |
| **john**(2) 1:31 3:7 | | **meeting**(1) 6:9 | | **officer**(2) 3:10 9:2 | | **potentially**(2) 5:21 23:2 | |
| **joint**(2) 25:23 26:18 | | **mention**(1) 4:24 | | **official**(2) 2:13 3:22 | | **ppearances**(2) 1:27 2:1 | |
| **jointly**(1) 1:10 26:8 | | **merican**(2) 1:8 1:16 | | **ohio**(1) 12:22 | | **pre**(1) 9:15 | |
| **journal**(1) 7:18 | | **might**(1) 7:7 | | **okay**(1) 26:15 | | **pre-bankruptcy**(1) 10:4 | |
| **judge**(1) 1:25 | | **million**(9) 5:2 10:16 11:13 13:8 13:9 | | **one**(18) 4:2 6:20 7:1 7:14 7:22 8:25 11:11 | | **precipitates**(1) 17:23 | |
| **june**(4) 1:20 3:1 9:19 27:11 | | 13:15 13:17 22:13 22:16 | | 11:12 11:17 12:20 14:12 16:1 18:4 18:4 | | **prejudice**(2) 20:16 20:24 | |
| **just**(22) 4:6 4:7 6:25 8:10 8:11 8:16 8:20 | | | | 19:5 19:22 23:8 26:12 | | **preliminary**(1) 8:19 | |
| 11:5 16:1 16:6 16:25 17:5 17:7 17:8 | | **minneapolis**(1) 12:21 | | | | **prepared**(2) 10:20 24:15 | |
| 17:11 18:4 18:9 19:17 20:14 21:21 24:9 | | **minnesota**(1) 12:21 | | **only**(4) 11:6 13:1 14:12 24:12 | | **prepetition**(11) 4:22 5:11 10:17 11:20 | |
| 26:2 | | **minutes**(3) 21:20 25:14 | | **operating**(3) 4:24 13:12 13:16 | | 13:5 13:16 13:9 13:22 14:2 14:3 14:17 | |
| | | **moment**(3) 16:2 18:4 19:22 | | **operations**(1) 13:18 | | | |
| **kenneth**(1) 1:32 3:7 | | **money**(1) 15:13 | | **opinion**(2) 12:6 14:18 | | **present**(1) 23:17 | |
| **kenney**(3) 2:5 21:16 21:16 | | **montreal**(1) 13:6 | | **opportunity**(1) 9:5 | | **presentations**(1) 10:24 | |
| **kevin**(1) 1:24 | | **more**(1) 23:8 | | **options**(1) 18:10 | | **previous**(1) 8:11 | |
| **king**(2) 2:7 2:21 | | **morning**(5) 3:3 3:4 9:12 21:25 25:10 | | **order**(17) 4:11 5:15 10:20 11:18 15:21 | | **previously**(1) 8:21 | |
| **kjc**(2) 1:8 1:14 | | 20:15 20:25 21:15 23:7 24:16 24:24 25:4 | | 17:1 18:17 18:17 20:17 21:18 22:15 23:14 | | **price**(1) 14:16 | |
| **know**(4) 19:12 21:19 23:16 25:17 | | 25:24 26:5 26:10 | | 24:19 25:13 26:11 26:18 26:22 | | **prior**(1) 23:16 | |
| **knowing**(1) 22:3 | | | | | | **priority**(2) 19:3 19:6 | |
| **knowledge**(1) 14:9 | | **motions**(2) 3:15 4:2 | | **orders**(1) 15:21 | | **problematic**(1) 18:25 | |
| **landis**(3) 1:37 3:9 25:11 | | **move**(2) 8:24 14:13 | | **other**(8) 4:2 4:4 5:14 7:14 7:22 7:22 7:25 | | **procedurally**(1) 19:1 | |
| **last**(2) 21:5 25:23 | | **moving**(1) 24:4 | | 17:18 | | **procedure**(1) 18:20 | |
| **later**(2) 5:19 5:22 | | **mr. carr**(1) 12:18 | | | | **procedures**(11) 4:22 5:14 5:16 6:5 6:6 6:21 | |
| **law**(1) 3:5 | | **mr. eugene**(1) 3:13 | | **otherwise**(2) 14:21 14:25 | | 6:22 10:20 11:18 14:8 14:9 | |
| **lawful**(1) 15:5 | | **mr. kenney's**(1) 23:10 | | **our**(1) 3:8 | | | |
| **leases**(4) 6:7 6:15 6:23 7:9 | | **mr. wu's**(1) 12:13 | | **out**(6) 4:11 4:19 15:11 15:13 17:11 23:3 | | **proceed**(3) 9:5 9:8 12:14 | |
| **legal**(1) 10:22 | | **mrs**(1) 25:15 | | **outstanding**(1) 5:7 | | **proceeding**(2) 17:25 19:20 | |
| **lender**(3) 9:21 10:2 11:20 | | **much**(1) 26:25 | | **over**(2) 9:10 21:20 | | **proceedings**(1) 1:23 1:50 27:8 | |
| **lenders**(9) 4:22 11:16 13:9 14:2 14:13 | | **must**(1) 15:12 | | **owe**(1) 13:17 | | **process**(5) 3:20 10:6 22:7 24:1 26:4 | |
| 17:16 22:9 24:10 25:3 | | **name**(1) 3:4 | | | | **produced**(1) 1:51 | |
| | | | | | | **product**(1) 12:2 | |
| **length**(1) 12:2 | | | | | | | |

| Word | Page:Line |
|---|---|

**professional**(1) 23:21
**professionals**(1) 14:10
**proffer**(12) 9:6 9:13 12:9 12:9 12:13 12:14 12:16 15:14 16:10 16:16 16:23 22:12
**proffers**(1) 8:25
**profit**(1) 10:15
**projected**(3) 23:22 23:23 24:12
**proposal**(1) 22:14
**proposals**(1) 10:1
**proposed**(6) 4:21 5:20 7:15 7:17 19:16 24:17

**proposing**(1) 4:22
**provide**(5) 5:18 12:5 14:24 16:11 22:10
**provided**(1) 14:19
**provides**(1) 12:25
**publication**(1) 7:18
**published**(1) 7:13
**publishers**(1) 12:20
**pull**(1) 23:24
**purchase**(6) 4:20 4:22 11:23 16:18 16:20 16:23

**purchased**(4) 12:1 14:21 14:25 15:6
**purchaser**(11) 2:21 4:21 5:3 5:6 14:19 16:15 16:16 20:18 21:7 21:12 24:17

**purpose**(2) 15:4 26:2
**purposes**(1) 16:16
**pursuant**(8) 3:19 4:20 5:15 8:22 10:20 14:19 16:22 20:13

**pursuit**(3) 9:22 10:5 11:19
**put**(3) 17:20 19:9 20:1
**qualified**(2) 11:18 17:12
**question**(1) 17:23
**questions**(2) 26:11 26:16
**rath**(3) 1:37 3:9 25:11
**reached**(5) 5:9 8:22 17:16 22:8 25:2
**read**(2) 17:22 26:13
**real**(1) 10:12
**really**(1) 26:2
**reason**(4) 3:18 6:25 7:2 10:9
**reasonable**(2) 11:24 14:20
**reasonably**(2) 12:1 14:22
**reasons**(1) 26:5
**reassure**(1) 24:9
**recall**(2) 3:14 5:13
**receive**(4) 7:3 7:5 7:21 23:1
**received**(3) 5:1 8:19 17:13
**receiving**(1) 11:8
**recently**(2) 18:15 26:1
**record**(11) 8:10 8:17 8:25 15:18 17:20 18:9 20:1 24:15 25:11 25:21 26:13

**recorded**(1) 1:50
**recording**(2) 1:50 27:7
**recovery**(2) 22:7 23:2
**referenced**(2) 6:17 8:21
**referring**(1) 10:16
**refile**(1) 20:24
**reflect**(1) 17:15
**regard**(1) 14:1
**regarding**(2) 10:22 22:9
**regular**(1) 7:5
**relative**(5) 7:16 16:10 17:17 21:6 21:7
**relatively**(1) 18:15
**relief**(2) 3:17 24:15
**rely**(1) 13:3
**remainder**(1) 19:19
**report**(1) 4:18
**representation**(1) 8:12
**representations**(1) 8:15
**represented**(1) 22:11
**representing**(1) 3:25
**request**(6) 9:4 18:22 21:10 23:17 23:18 26:18

**requested**(1) 24:16
**requests**(1) 18:10
**require**(1) 5:20
**required**(2) 5:17 5:18
**requirements**(1) 22:24
**resolution**(4) 8:6 8:7 22:8 25:2
**resolved**(2) 8:22 23:12
**respect**(7) 5:8 7:20 8:18 22:9 22:25 23:9 25:24

**respectfully**(2) 21:10 26:18
**respects**(1) 16:19
**response**(3) 12:11 15:16 26:10
**restructuring**(3) 9:16 9:22 10:1
**result**(3) 11:19 13:22 18:14
**retained**(1) 14:1
**retention**(1) 9:18
**returned**(1) 11:6
**revenue**(1) 10:11
**revenues**(2) 10:10 13:22
**right**(17) 16:7 17:3 18:12 20:22 21:2 21:13 21:23 23:4 24:6 24:14 24:14 24:22 25:7 25:20 26:15 26:20 27:1

**rights**(1) 21:6
**rise**(1) 3:2
**rome**(3) 1:23 3:24 22:1
**room**(2) 2:7 10:22
**roseland**(1) 1:34
**rosen**(2) 1:32 3:7
**row**(1) 3:11
**rule**(2) 19:3 19:6
**run**(1) 10:6
**said**(1) 11:7

**sale**(44) 3:19 5:15 5:18 5:25 6:5 6:5 6:6 6:14 6:21 6:21 6:23 7:8 7:15 7:17 8:3 8:16 8:20 9:17 10:6 12:4 12:9 14:8 14:13 14:23 15:10 15:12 17:24 18:17 20:9 20:17 21:1 21:11 21:14 22:3 22:5 22:7 23:7 23:14 23:15 24:16 24:18 25:6

**sales**(1) 14:9
**salient**(1) 7:16
**sandler**(3) 1:29 3:5 25:22
**sarah**(1) 2:22
**satisfied**(1) 5:11
**satisfy**(2) 5:6 23:19
**say**(9) 10:14 13:8 13:24 14:18 15:2 15:2 15:5 18:13 19:11

**says**(1) 20:12
**scenario**(1) 18:16
**schedule**(2) 6:16 7:10
**scheduled**(2) 4:6 4:8
**schuylkill**(1) 1:46
**second**(1) 18:14
**secondly**(1) 19:7
**seconds**(1) 6:17
**section**(1) 3:20
**secured**(8) 10:17 11:3 11:16 13:9 13:23 14:2 24:10 25:3

**see**(1) 26:15
**seeking**(2) 25:5 25:5
**seen**(1) 21:19
**self-explanatory**(1) 17:19
**sell**(3) 4:3 4:4 4:16
**sense**(2) 25:13 25:15
**serve**(2) 5:20 16:15
**served**(4) 6:4 6:16 6:20 7:11
**service**(7) 1:45 1:51 6:11 6:12 7:6 10:18 13:23

**services**(1) 1:45
**set**(2) 11:4 18:21
**seven**(2) 11:6 11:7
**shake**(1) 23:3
**shall**(1) 8:11
**shared**(1) 23:10

**shareholder**(1) 13:12
**shareholders**(1) 15:9
**sheet**(1) 13:14
**sherwood**(7) 1:31 3:7 9:10 9:12 12:12 23:8 23:9

**should**(1) 7:24
**shown**(1) 11:1
**sic**(1) 16:13
**sign**(1) 21:7
**signed**(1) 26:23
**since**(1) 9:19
**sit**(1) 13:19
**sitting**(1) 3:13
**situations**(1) 18:15
**sixty**(1) 22:16
**small**(1) 21:21
**sole**(1) 15:5
**some**(5) 17:5 19:13 22:6 22:7 23:1
**soon**(1) 23:15
**sort**(1) 13:3
**sound**(2) 1:50 27:7
**spalding**(1) 2:21
**spend**(1) 21:20
**stalking**(2) 11:4 11:19
**start**(1) 9:13
**stated**(1) 26:5
**statement**(1) 8:11
**states**(5) 1:1 1:25 2:4 3:21 21:17
**stay**(1) 20:8
**still**(1) 18:1
**strategy**(3) 18:2 18:3 23:24
**street**(7) 1:17 1:39 1:46 2:7 2:15 2:23
**stressed**(1) 11:1
**structure**(1) 13:6
**structured**(2) 18:11 18:19
**stuff**(1) 24:5
**subject**(1) 15:8
**submit**(3) 11:11 21:9 24:22
**submitted**(3) 11:17 12:15 25:16
**subsidiaries**(1) 4:25
**subsidiary**(1) 13:17
**substantially**(4) 4:16 4:23 6:1 21:11
**substantive**(3) 17:8 19:25 21:5
**suburban**(1) 12:22
**such**(4) 5:4 8:7 18:25 19:3
**suffice**(1) 25:18
**sufficient**(3) 5:6 16:18 23:19
**suite**(2) 1:39 2:15
**sum**(1) 11:12
**support**(2) 12:9 15:17
**sure**(2) 22:5 26:3
**take**(3) 4:10 5:24 6:1
**taken**(2) 17:11 24:12
**taking**(1) 19:11
**target**(1) 24:4
**task**(1) 10:6
**teaser**(1) 10:20
**telephonic**(1) 2:19
**temporaries**(1) 7:23
**ten**(1) 25:14
**term**(2) 5:4 14:16
**terms**(7) 4:20 11:23 14:16 15:12 16:22 17:24 22:18

**testify**(7) 10:8 10:8 11:22 11:22 12:3 13:19 14:15

**texas**(1) 12:22
**than**(4) 5:19 5:22 22:16 23:2
**thank**(12) 15:25 16:14 16:24 18:7 19:21 21:13 23:4 23:5 24:14 25:19 26:25 27:1

**that**(131) 3:25 4:6 4:8 4:17 4:17 4:18 5:16 6:11 6:12 6:16 7:2 7:4 7:7 7:10 7:21 7:24 8:2 8:3 8:4 8:5 8:9 8:11 8:11 8:12 8:17 8:21 9:5 10:3 10:9 10:11 10:14 10:17 10:21 11:5 11:7 11:12 11:17 11:17 11:19 11:22 11:23 11:24 12:1 12:3 12:9 12:17 12:25 13:1 13:8 13:13 13:14 13:14 13:19 13:24 14:1 14:4 14:6 14:11 14:12 14:15 14:18 14:23 15:5 15:6 15:11 15:14 16:16 16:17 16:18 16:21 16:23 17:2 17:9 17:11 17:21 18:20 18:21 18:22 18:24 19:5 19:5 19:7 19:11 19:12 19:17 20:2 20:4 20:7 20:9 20:12 20:12 20:15 20:19 20:23 21:10 21:10 21:18 21:21 22:4 22:5 22:8 22:8 22:9 22:20 22:20 22:21 22:22 23:12 23:13 23:13 23:16 23:16 23:18 23:21 23:23 24:1 24:4 24:6 24:7 24:10 24:13 24:22 24:23 25:2 25:18 26:3 26:7 26:17 26:18 26:22 27:6

**that's**(10) 4:13 6:2 8:17 12:8 19:9 20:16 22:15 22:24 24:16 26:24

**the**(301) 1:1 1:2 1:24 2:4 2:13 3:2 3:3 3:5 3:6 3:9 3:10 3:11 3:12 3:12 3:14 3:15 3:16 3:17 3:17 3:18 3:19 3:19 3:21 3:21 3:23 3:25 4:1 4:1 4:3 4:3 4:3 4:4 4:5 4:7 4:9 4:10 4:11 4:11 4:13 4:14 4:14 4:15 4:16 4:16 4:17 4:17 4:20 4:20 4:21 4:21 4:22 4:23 4:24 4:24 5:1 5:3 5:3 5:4 5:5 5:6 5:7 5:9 5:9 5:10 5:10 5:10 5:11 5:15 5:15 5:15 5:16 5:16 5:17 5:18 5:18 5:20 5:23 5:25 6:1 6:3 6:4 6:5 6:6 6:8 6:8 6:9 6:14 6:17 6:17 6:19 6:20 6:21 6:22 6:24 6:25 7:2 7:4 7:4 7:5 7:8 7:10 7:11 7:11 7:13 7:14 7:15 7:15 7:15 7:16 7:16 7:17 7:17 7:21 7:22 7:22 7:23 7:24 7:25 8:2 8:3 8:5 8:5 8:6 8:8 8:8 8:9 8:10 8:12 8:14 8:15 8:16 8:17 8:19 8:20 8:20 8:22 8:23 8:25 9:2 9:4 9:5 9:7 9:10 9:11 9:13 9:15 9:16 9:16 9:18 9:20 9:22 9:23 9:25 10:2 10:5 10:6 10:7 10:9 10:9 10:9 10:11 10:12 10:16 10:20 10:22 11:1 11:1 11:2 11:2 11:2 11:3 11:3 11:4 11:4 11:5 11:8 11:12 11:13 11:14 11:14 11:15 11:16 11:17 11:18 11:19 11:20 11:20 11:23 11:23 11:24 11:25 11:25 12:2 12:4 12:4 12:5 12:5 12:6 12:6 12:7 12:7 12:8 12:8 12:9 12:10 12:17 12:17 12:18 12:18 12:19 12:19 12:20 12:20 12:24 13:1 13:2 13:5 13:6 13:8 13:9 13:9 13:11 13:12 13:12 13:16 13:16 13:16 13:18 13:19 13:20 13:20 13:21 13:21 13:24 14:1 14:4 14:5 14:6 14:8 14:10 14:12 14:13 14:13 14:13 14:14 14:16 14:16 14:16 14:17 14:17 14:18 14:19 14:20 14:20 14:21 14:23 14:23 14:24 14:24 14:25 15:1 15:2 15:3 15:3 15:5 15:5 15:6 15:10 15:11 15:12 15:12 15:13 15:14 15:15 15:16 15:18 15:20 15:21 15:22 15:23 15:25 16:3 16:6 16:6 16:7 16:9 16:10 16:13 16:15 16:16 16:18 16:20 16:22 16:22 16:23 16:24 17:1 17:1 17:1 17:3

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|

**the**(148) 17:4 17:6 17:8 17:9 17:14 17:16 17:16 17:16 17:17 17:17 17:18 17:19 17:20 17:22 17:24 18:2 18:6 18:9 18:11 18:12 18:16 18:16 18:17 18:19 18:22 18:23 18:24 18:25 19:2 19:3 19:6 19:9 19:10 19:12 19:14 19:15 19:15 19:19 19:23 19:25 20:1 20:5 20:6 20:10 20:13 20:16 20:17 20:18 20:20 20:21 20:22 20:25 20:25 21:2 21:4 21:4 21:7 21:10 21:11 21:11 21:11 21:12 21:13 21:14 21:16 21:18 21:19 21:20 21:23 22:1 22:2 22:3 22:4 22:5 22:7 22:8 22:9 22:11 22:14 22:15 22:19 22:20 22:23 23:1 23:4 23:6 23:7 23:9 23:11 23:13 23:14 23:16 23:18 23:24 24:2 24:7 24:8 24:9 24:9 24:10 24:10 24:10 24:14 24:15 24:16 24:16 24:17 24:17 24:18 24:21 24:22 24:24 24:25 25:2 25:3 25:3 25:6 25:7 25:10 25:11 25:13 25:14 25:17 25:20 25:21 25:23 25:23 25:23 26:2 26:2 26:3 26:4 26:5 26:5 26:7 26:9 26:13 26:15 26:15 26:18 26:20 26:25 27:1 27:2 27:6 27:7 27:7 27:8

**their**(15) 3:14 4:24 7:25 8:19 9:19 9:20 9:21 10:5 12:6 13:23 14:2 14:5 14:5 15:1 26:1

**them**(3) 22:7 23:10 24:20

**then**(3) 8:8 20:3 23:1

**there**(16) 10:24 10:25 11:12 14:8 14:11 17:12 18:18 19:6 20:18 21:2 21:17 22:5 22:13 22:15 24:8 26:12

**these**(6) 8:2 11:1 13:4 22:4 25:3 26:7

**they**(19) 4:19 5:19 7:3 7:4 9:23 9:24 9:25 10:3 10:7 10:8 10:10 10:14 11:20 11:7 11:16 11:22 12:19 13:22 15:6

**they're**(3) 18:25 19:1 20:18

**thing**(1) 23:8

**things**(5) 4:2 5:14 19:4 23:3 24:5

**think**(5) 19:1 21:21 22:19 23:11 24:8

**this**(41) 3:16 4:1 4:5 5:8 5:13 8:2 8:23 8:24 9:9 9:17 10:15 10:17 11:21 12:16 14:4 15:19 16:16 17:1 17:15 17:18 17:24 18:1 18:10 19:2 19:8 19:20 20:5 20:11 21:19 22:11 22:14 22:18 23:13 23:25 24:1 24:4 24:7 24:11 24:15 26:2 26:10

**those**(14) 4:4 4:25 5:1 8:15 8:17 11:7 11:11 14:19 16:12 20:20 20:20 21:9 22:20 22:25

**three**(2) 6:6 6:22

**through**(10) 11:15 15:21 16:9 17:1 18:14 22:7 22:11 22:14 22:17 23:23

**time**(6) 7:4 18:14 18:18 19:11 19:14 21:19

**timely**(1) 7:22

**today**(14) 3:6 3:8 3:21 4:8 6:1 6:2 8:5 8:18 9:3 14:14 17:24 24:24 26:23 26:25

**today's**(1) 4:6

**together**(2) 23:22 23:24

**top**(1) 12:20

**total**(1) 13:8

**towards**(1) 8:6

**trade**(6) 13:17 17:18 17:19 22:14 22:16 23:1

**traditional**(1) 10:11

**transaction**(1) 11:20

**transactions**(1) 15:2

**transcript**(3) 1:23 1:50 27:7

**transcription**(2) 1:45 1:51

**transfer**(1) 18:20

**treated**(1) 8:18

**treatment**(1) 14:17

**trough**(1) 16:6

**trust**(1) 18:21

**trustee**(8) 2:4 2:4 3:21 19:2 19:10 21:17 23:20 24:10

**tuesday**(1) 3:1

**turn**(3) 9:10 16:25 20:3

**two**(10) 4:2 6:5 6:17 6:21 7:1 7:14 7:21 8:25 11:9 18:14

**u.s**(5) 2:4 12:20 19:2 23:20 24:10

**ultimate**(1) 22:4

**ultimately**(1) 14:4

**unable**(1) 22:4

**uncertainty**(1) 11:2

**under**(10) 5:7 8:14 11:18 11:24 16:20 16:21 20:20 21:12 24:22 25:16

**understand**(1) 19:7

**understanding**(1) 16:9

**unexpired**(4) 6:7 6:15 6:23 7:9

**united**(5) 1:1 1:25 2:4 3:21 21:17

**unnecessary**(1) 26:6

**unpaid**(4) 23:19 23:21 23:22 24:2

**unsecured**(5) 2:14 3:23 18:21 22:6 22:10

**untidiness**(1) 19:15

**untidy**(1) 19:1

**upon**(3) 18:20 24:15 24:23

**validly**(1) 15:7

**valuation**(1) 9:25

**value**(6) 11:3 11:4 12:2 12:5 14:22 14:25

**values**(1) 10:8

**various**(4) 3:17 10:24 14:3 22:17

**very**(4) 9:11 15:23 23:25 26:25

**vibrant**(1) 12:21

**view**(1) 23:25

**violate**(2) 19:3 19:6

**virginia**(1) 12:23

**vision**(1) 7:25

**walk**(3) 15:21 16:6 17:1

**wall**(1) 7:17

**want**(3) 23:16 23:25 26:20

**wanted**(3) 8:16 21:19 24:9

**wants**(1) 17:20

**was**(43) 3:16 3:18 5:24 6:13 6:16 6:17 6:25 7:2 7:7 7:11 7:18 7:22 7:23 9:14 9:18 10:9 10:25 11:12 11:12 11:17 11:17 12:12 13:7 13:7 13:11 13:24 14:1 14:11 17:11 17:11 17:12 18:16 20:2 20:7 22:3 22:4 22:8 26:2 26:2 26:4 27:2

**washington**(1) 12:22

**watson**(1) 27:12

**way**(1) 22:19

**we'll**(1) 23:11

**we're**(5) 3:20 6:2 18:1 24:5 24:6

**we've**(2) 24:8 25:2

**well**(15) 3:11 5:12 5:17 5:22 6:8 6:16 6:24 7:10 7:15 9:1 9:11 9:16 9:22 15:23 18:12

**were**(17) 5:17 5:17 5:18 5:23 7:2 7:10 10:24 11:5 13:23 14:8 14:9 15:3 17:12 18:18 20:9 20:12 22:4

**weren't**(1) 11:7

**what**(11) 3:20 6:2 8:1 8:2 17:24 18:2 18:13 19:18 19:18 20:11 20:18

**what's**(1) 17:17

**whatever**(3) 19:17 19:19 23:23

**when**(2) 4:23 24:19

**where**(2) 24:4 23:3

**whereupon**(1) 27:2

**whether**(1) 22:18

**which**(19) 3:20 4:7 4:15 4:21 7:4 8:20 11:9 13:6 13:7 17:23 18:15 18:17 19:8 19:15 20:1 20:25 21:5 25:4 26:13

**who**(8) 3:12 7:24 7:25 8:25 9:2 13:3 16:9 18:12

**whole**(1) 26:3

**will**(10) 5:11 5:19 8:13 12:14 14:24 15:2 15:13 19:18 23:18 25:18

**william**(2) 3:8 25:11

**willing**(1) 19:18

**wilmington**(5) 1:18 1:40 2:9 2:16 3:1

**wind-down**(1) 23:22

**wish**(7) 12:10 15:15 18:24 19:14 21:23 24:24 26:9

**wishes**(1) 21:14

**with**(47) 3:6 3:8 4:6 5:8 7:4 7:20 8:3 8:15 8:18 8:24 9:13 9:20 9:21 9:23 10:1 10:5 10:7 11:14 11:15 11:20 14:2 14:10 14:13 14:16 18:4 18:16 18:17 18:22 20:2 20:23 21:9 21:14 21:20 22:9 22:22 22:24 22:25 23:7 23:9 23:10 23:12 23:22 24:16 25:2 25:24 26:10 26:17

**withdraw**(2) 20:24 25:4

**withdrawn**(1) 20:15

**within**(3) 20:20 24:7 24:21

**without**(2) 20:15 20:24

**witness**(1) 12:13

**words**(1) 17:18

**wordsmithing**(2) 21:18 23:10

**work**(2) 8:6 13:3

**worked**(4) 4:19 9:21 10:1 10:3

**works**(1) 22:20

**worth**(3) 12:22 19:18 22:13

**would**(48) 4:5 4:10 7:3 7:4 8:3 8:4 8:6 8:8 8:8 8:24 9:9 10:8 10:8 10:10 10:14 11:11 11:22 11:22 12:3 12:4 12:13 12:16 12:18 13:5 13:8 13:19 13:24 14:11 14:15 14:18 15:2 15:5 15:11 16:16 16:23 17:2 17:9 20:23 21:9 21:10 22:21 22:22 23:15 25:3 25:15 26:13 26:17

**wrapped**(1) 24:21

**writers**(1) 13:2

**written**(1) 11:11

**yeah**(3) 17:6 17:9 23:8

**yes**(1) 16:14

**yesterday**(1) 24:5

**you**(25) 4:17 9:7 15:25 15:25 16:3 16:14 16:24 18:6 18:7 18:14 19:21 19:23 20:3 21:13 21:18 23:4 23:5 24:14 24:19 25:18 25:19 26:11 26:20 26:25 27:1

**you're**(2) 25:17 26:13

**your**(81) 3:4 3:8 3:14 3:17 3:18 3:23 4:5 4:10 4:20 5:8 5:13 5:23 6:3 7:6 7:13 7:18 8:10 8:15 8:21 9:2 9:9 9:12 10:14 10:19 11:10 11:24 12:3 12:8 12:12 12:16 13:19 15:14 15:18 15:20 15:24 16:1 16:5 16:8 16:14 16:14 16:25 17:4 17:10 17:13 17:15 17:20 18:1 18:9 19:21 19:22 19:25 20:4 20:11 20:23 21:4 21:9 21:16 21:17 21:25 22:2 22:14 22:15 22:19 23:3 23:8 23:13 23:13 24:20 25:1 25:8 25:10 25:15 25:19 25:21 25:25 26:1 26:12 26:14 26:17 26:22 26:24