# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

IN RE: )
)
NAMCO CYBERTAINMENT, INC., ) Case No. 98-173 (PJW)
)
Debtor. )

United States Bankruptcy Court
Courtroom No. 2
Sixth Floor
824 North Market Street
Wilmington, Delaware 19801

Wednesday, April 15, 1998
4:00 p.m.

BEFORE: HONORABLE PETER J. WALSH
United States Bankruptcy Judge

TRANSCRIPT OF PROCEEDINGS

WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
(302) 655-0477

WILCOX & FETZER LTD.
Registered Professional Reporters

THE COURT: Okay. Well, it does seem to me that where it is patently clear that the lease is going to be rejected that as a matter, some equity relief ought to be granted.

And I think the role that I am inclined to adopt--and I'm not going to apply it in this case because for the reasons I mentioned--I believe that if the premises are surrendered with an unequivocal statement to the landlord that the debtor is abandoning and thereafter the debtor files a motion

to reject, then I believe that it would be equitable to allow the rejection date to be effective on the date that that motion is served, provided that the motion contains a representation that the committee agrees with the motion; because if that representation were in the motion, then I can't conceive of the circumstances under which the motion would be denied.

And if a landlord wants--I'm sorry. If the debtor wants a rejection date prior to the hearing date, then to the extent it seeks that date, then a part of my rule would be that the debtor cannot change its mind.

So, if you want a rejection date prior to the hearing, it seems to me that it could be done in the circumstances where (a) prior to the filing of the motion, the keys were surrendered, the premises surrendered with an unequivocal statement to the landlord of abandonment; (b) the motion is served and filed on the landlord; (c) the motion states that the committee agrees with the motion; and (d) that the debtor acknowledges that it will not have the right to withdraw that motion prior to the hearing. Given those situation--given those factors, I would permit the rejection effective as of service of the motion.

You don't have those facts in this case. So, I wouldn't apply the rule in this case.

However, it does seems to me that there was an objection deadline of April 6th, 1998. Nobody objected to the rejection. And it certainly seems to me that a rejection date of April 6 would be appropriate under these circumstances. So, I'll sign an order authorizing the rejection as of April 6.